UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| FREEDOM MORTGAGE CORPORATION, | ) | |
| | ) | 2:25-CV-00140-DCLC-CRW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK M. LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Court previously ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. [Doc. 22]. After reviewing Plaintiff's Response [Doc. 26], the Court finds that it does not have subject matter jurisdiction. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

This is an action seeking foreclosure of a lien on real property in which the United States, on behalf of the Secretary of Veterans Affairs, holds a subordinate lien interest. In its Complaint [Doc. 1], Plaintiff Freedom Mortgage Corporation asserts the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, "as [Plaintiff] seeks to foreclose a lien on real property in which VA, as an agency of the United States holds a subordinate lien interest." [Doc. 1 at ¶ 5]. Plaintiff also contends jurisdiction is proper pursuant to 28 U.S.C. § 1331, "as the matter involves the interpretation and enforcement of federal laws governing the VA's lien rights." [*Id.*].

Similar foreclosure cases have been filed within the Eastern District of Tennessee and across other federal district courts, many of which have been dismissed for lack of subject matter jurisdiction. This Court therefore ordered Plaintiff to show cause why this action similarly should not be dismissed for lack of subject matter jurisdiction. [Doc. 22]. Plaintiff timely responded,

arguing the Court should treat 28 U.S.C. § 2410 "as a jurisdiction-conferring statute," based on dicta from the Supreme Court's decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 317 n.4 (2005). [Doc. 26].

## II. ANALYSIS

Section 2410(a) provides: "Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter ... to foreclose a mortgage or other lien upon ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. Section 1444, meanwhile, gives the United States the right to remove such actions: "Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444. "That phrasing presupposes that the forum – whether state or federal – must independently possess subject matter jurisdiction over the underlying dispute." *CitiMortgage, Inc. v. Walker*, 2026 WL 1984253, *1 (M.D. Ala. July 9, 2026) (holding § 2410 does not provide subject matter jurisdiction over judicial foreclosure action).

Though the Sixth Circuit has not yet considered whether § 2410 creates a basis for federal subject matter jurisdiction over judicial foreclosure actions, district courts within this Circuit and Circuit courts elsewhere have found that it does not. *See, e.g., Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002) ("Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction.")[1]; *McNeill v. Franke*, 171 F.3d 561,

[1] Plaintiff asks the Court to consider this statement in *Hussain* as "either non-controlling dicta or factually limited." [Doc. 26, ¶3(b)]. But Plaintiff does not provide any argument in support

563 (8th Cir. 1999) ("The statute does not grant jurisdiction, however, but merely waives sovereign immunity."); *Shaw v. United States*, 331 F.2d 493, 496 (9th Cir. 1964) ("[I]t is the position of this Circuit that 28 U.S.C. § 2410 does not, in addition to waiving sovereign immunity, confer jurisdiction upon the federal courts."); *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002) ("All § 2410 does is waive sovereign immunity. It does not authorize quiet title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit." (quoting *Harrell v. United States*, 13 F.3d 232, 234 (7th Cir. 1993))); *Pennymac Loan Services, LLC v. Williamson*, No. 3:25-CV-280, 2026 WL 2731341 (E.D. Tenn. Sept. 16, 2026).

Plaintiff nonetheless argues that Supreme Court and Fifth Circuit decisions compel a contrary conclusion. These arguments have been raised, unsuccessfully, many times in multiple district courts. *See, e.g., Renasant Bank v. Hobbs*, 2026 WL 2256307, *2 (S.D. Ga. Aug. 5, 2026) ("Multiple district courts, including several within the Eleventh Circuit, have recently addressed and rejected the same argument in the same context."). First, Plaintiff points to a footnote in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, where the Supreme Court noted that "Federal law does provide a quiet title cause of action against the Federal Government." 545 U.S. 308, 317 n.4 (2005) (citing 28 U.S.C. § 2410). According to Plaintiff, this "interpreted § 2410 to create a cause of action against the government in addition to waiving sovereign immunity." [Doc. 26 at ¶ 4]. But "*Grable* can easily be distinguished" for two reasons. *Servis One, Inc. v. Brown*, 2026 WL 852010, *3-4 (M.D. Ga. Mar. 27, 2026). First, "the existence of a cause of action and the existence of subject-matter jurisdiction are distinct questions: a statute

---

of his position, and *Hussain* is not an outlier: several other district and circuit courts have reached its same conclusion.

may create or recognize a right to sue without enlarging the jurisdiction of the federal courts." *Planet Home Lending, LLC v. Collins*, No. 1:26-CV-00134-RAH-JTA, 2026 WL 1984337, at *2 (M.D. Ala. July 9, 2026). Second, *Grable* is not factually analogous. It was not an action seeking judicial foreclosure, but "a quiet title claim premised upon an issue of federal tax law." *Servis One*, 2026 WL 852010, at *3-4. Additionally, *Grable* was filed in state court and later removed to federal court, so "it would have implicated Section 1444's jurisdictional grant had the United States been a defendant." *Id.* Moreover, the footnote Plaintiff points to was dictum. "*Grable* does not control or even truly speak to the question of whether § 2410 confers original jurisdiction on the federal courts." *Pennymac Loan Services, LLC*, 2026 WL 2731341, at *2.

Plaintiff next contends that the Fifth Circuit has, since *Grable*, treated § 2410 as a grant of jurisdiction [Doc. 26, ¶¶ 5–10]. But it has not. Besides the Fifth Circuit not being binding on this Court, the cases Plaintiff cite do not hold what Plaintiff says they hold. *Bradford* is an unpublished per curiam opinion that mentioned § 2410 in passing. *Bradford v. U.S. Dep't of Agric., Rural Dev.*, 606 F. App'x 259, 260 (5th Cir. 2015) (per curiam). It did not consider, much less decide, whether § 2410 confers original jurisdiction, and such "drive-by jurisdictional rulings" carry "no precedential effect." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998). Plaintiff also cites *Echols* and *Lewis* but both of those cases addressed the conditions under which the United States waives its sovereign immunity. *Echols v. United States*, 368 F. App'x 595, 598 (5th Cir. 2010); *Lewis v. Hunt*, 492 F.3d 565, 571–72 (5th Cir. 2007). In *Echols*, the Fifth Circuit found that it lacked subject matter jurisdiction because the United States did not "own or claim any interest in the property" in dispute. *Echols*, 368 F. App'x at 596. It did not address whether § 2410 grants the federal court original jurisdiction. And *Lewis* was a case in which the United States

removed the case from state court, an action permitted under 28 U.S.C. § 1444. It also did not address whether § 2410 granted federal court original jurisdiction.

A waiver of immunity is necessary to sue the United States, but waiving immunity is not a source of jurisdiction. Plaintiff argues that the court in *Bartolomeo* gives this Court jurisdiction. But *Bartolomeo* held only that § 2410 "creates a right of action and waives sovereign immunity." *Bartolomeo USA, L.L.C. v. United States Dep't of Hous. & Urb. Dev.*, No. 21-10493, 2021 WL 5458117, at *2 (5th Cir. Nov. 22, 2021) (per curiam). But even if *Bartolomeo* could be read to provide a cause of action, it is an unpublished opinion that did not purport to overrule the published opinion of that circuit in *Hussain*, which remains the Fifth Circuit's published word on the question. *Hussain* explained that when § 2410 applies, jurisdiction rests on § 1444, which is a *removal statute* available only to the United States. 311 F.3d at 629. That framework offers nothing to a plaintiff who files suit in federal court in the first instance.

Plaintiff's textual argument also fails. Plaintiff reads the phrase "in any district court" as a grant of jurisdiction to this Court [Doc. 26, ¶ 11]. But the full clause permits the United States to be "named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter." 28 U.S.C. § 2410(a). The statute tells litigants where the United States may be named as a party. It does not tell courts what cases they may hear. When Congress means to grant jurisdiction over suits touching the United States' interests in real property, it says so directly. *See* 28 U.S.C. § 1346(f) ("The district courts shall have exclusive original jurisdiction of civil actions under section 2409a . . . ."). Section 2410 contains no comparable grant. Nor does it matter that the Complaint describes the United States' lien with particularity [Doc. 26, ¶ 10]. Compliance with § 2410 establishes only that the United States has consented to suit. *See Macklin*, 300 F.3d at 819.

Without § 2410, Plaintiff has no basis for federal jurisdiction.[2] The Complaint broadly references 28 U.S.C. § 1331, but federal-question jurisdiction exists only where federal law creates the cause of action or where the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1061 (6th Cir. 2008). Plaintiff's causes of action here are created by state law, not federal law. That the United States is a junior lienholder does not transform a state-law foreclosure into a federal-question case.

## III. CONCLUSION

For the reasons stated herein, this Court lacks subject matter jurisdiction, and this case is **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

---

[2] Plaintiff's Response does not defend § 1331 as an alternative basis for jurisdiction, and Plaintiff does not invoke diversity jurisdiction under 28 U.S.C. § 1332.